IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NORMAN STAPLETON, CRAIG BATES, DUANE BULL, CAMERON CANADY, TIMOTHY GIBSON, THOMAS KURUC, ALLEN OWENS, and SEAN TATE,

Plaintiff,

v.

OPINION and ORDER

16-cv-406-jdp

KEVIN CARR, RANDALL R. HEPP, EDWARD WALL, JON LITSCHER, GARY HAMBLIN, CATHY JESS, MARC W. CLEMENTS, JOY TASSLER, MICHAEL MCCORMICK, PAT CHAMBERLAIN, and JOHN MAGGIONCALDA,

Defendants.

---

The court-appointed medical and toxicology expert in these consolidated cases, Alfred Franzblau, has issued his report, so this case can now move forward on plaintiffs' medical care claims. Court-recruited counsel for the consolidated plaintiffs have filed a letter docketed as a "motion for clarification" asking for confirmation that they may withdraw from the case, Dkt. 205, and they follow with a motion asking for the court to hold a status conference to resolve outstanding issues, Dkt. 224. I would schedule a status conference if it would help the parties sort through issues that are genuinely unresolved. But before doing so, I'll provide some guidance here that may eliminate the need for another conference. This order will address issues that also apply to all of the non-consolidated plaintiffs bringing individual cases with Fox Lake Correctional Institution water claims, so I will direct the clerk of court to docket this order in all of those cases.

In response to plaintiffs' counsel's question about the scope of their representation, I note that under the terms of my previous orders, counsel's representation would continue

through their filing of a joint amended complaint stating plaintiffs' medical care claims, after which the court would screen the complaint, sever the individual cases, and entertain a motion for counsel to withdraw. Dkt. 170. But it makes little sense for counsel to prepare a consolidated amended complaint only to have the court quickly sever that complaint into several different pro se cases regarding each plaintiff's medical problems that will be litigated separately. So I will amend my previous instructions: rather than have counsel prepare a joint amended complaint, I will allow counsel to withdraw without amending the complaint. I will direct each plaintiff to file an amended complaint that will be docketed in that plaintiff's individual case and that will be severed for the court's screening of the new allegations one case at a time.

It's possible that this addresses recruited counsel's request for clarification and for a status conference. If so, they should inform the court of that and I'll formally grant their withdrawal. If counsel believes that there are still outstanding issues, they should submit a letter briefly outlining those issues so that I can prepare to address them at a status conference.

Counsel for the state defendants have filed a motion asking the court to authorize payment from the pro bono reimbursement fund over the default maximum reimbursement of $4,000.[1] Dkt. 207. I previously stated the following about reimbursement of the experts' costs:

> That leaves the question of compensation. As a starting point, plaintiffs and defendants should split the cost of these experts 50/50. I agree with defendants that plaintiffs' share can come from the court's pro bono reimbursement fund, to the extent that plaintiff's share is within the fund's disbursement limits. So when prepayment time comes, plaintiffs' counsel should seek disbursement of funds from the pro bono fund for that purpose. The court will not require plaintiffs' volunteer counsel to go out of pocket for the cost of the experts. So if the cost of plaintiffs'

[1] *See* https://www.wiwd.uscourts.gov/sites/default/files/Reimbursement_Guide.pdf.

> share exceeds the amount available from the pro bono fund, the court will expect the state to pay the rest, within reason.

Dkt. 44, at 2.

The state defendants ask for a total reimbursement of $15,000 from the fund, stating that water-quality expert Dr. Hand has already been reimbursed $2,625 and that Franzblau's invoices total about $25,000. The state defendants say that that would leave them on the hook for $15,570 for their end of the costs, although the expert costs they provide here do not quite total $30,570, so it is unclear exactly how they arrive at that total.

This litigation encompasses several consolidated cases, so we are not limited to the $4,000 reimbursement cap which applies to a typical single case, and I won't make the state defendants pay for everything exceeding $4,000. I conclude that it is appropriate to approve a $15,000 reimbursement, so I will grant the state defendants' motion. But my approval is contingent on approval from the chair of the district's Pro Bono Committee, who assesses "the fund's sufficiency to pay all approved requests as they come in."[2] It's also contingent on $15,000 being no more than half of the experts' costs. I can't tell for certain whether that's the case from the figures in the state defendants' filing, but that should become clear when the formal reimbursement request is filed.

Some of the individual plaintiffs have filed motions asking for new counsel or rebutting Franzblau's report. Dkt. 218 and Dkt. 219 in this case; Dkt. 119 in case no. 17-cv-396-jdp. I will deny all of those motions without prejudice. After the issue of counsel's withdrawal and other associated issues are resolved, I will issue an order giving the individual plaintiffs instructions on how each of their cases will proceed. For most of them, the next step will be

[2] *See* https://www.wiwd.uscourts.gov/sites/default/files/Reimbursement_Guide.pdf, at 2.

filing an amended complaint stating their medical care claims; recruitment of new counsel will be unnecessary for that step. And given the resources that the court and the pro bono fund have already expended with finding counsel and paying two court-appointed experts, I will not consider recruiting new counsel to represent any of the individual plaintiffs unless they present extraordinary circumstances regarding their ability to litigate a case, or a case survives summary judgment and is headed to trial.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion for clarification Dkt. 205, is GRANTED. Plaintiffs' counsel may have until May 3, 2020, to respond to this order.

2. The state defendants' motion for approval of additional reimbursement from the pro bono reimbursement fund, Dkt. 207, is GRANTED.

3. Plaintiffs' motions asking for new counsel or rebutting Franzblau's report, Dkt. 218 and Dkt. 219 in this case; Dkt. 119 in case No. 17-cv-396-jdp, are DENIED without prejudice.

Entered April 20, 2021.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge