IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER D. SMITH,

                Plaintiff,

v.

JULIE LUDWIG, DR. CHARLES LARSON,
DR. RICHARD STELIGA,
DR. BEATTRICE SUPERVILLE,
JAMES LABELLE, and CINDY O'DONNELL,

                Defendants.

ORDER

18-cv-774-jdp

---

    Plaintiff Christopher D. Smith, appearing pro se, is an inmate at Fox Lake Correctional Institution (FLCI). Smith alleges that defendant prison officials violated his Eighth Amendment rights by failing to adequately treat the symptoms he says he suffered from drinking water containing unsafe amounts of lead, copper, and other contaminants.

    Smith filed a motion asking for the court to direct prison staff to allow him to have his blood drawn by a non-DOC official to test for the levels of contaminants like lead in his blood; he says prison staff have refused his request. Dkt. 26. I directed defendants to respond to the motion. Dkt. 29, at 3. Defendants do not directly respond to Smith's allegation that they refused his request to be tested, but I infer from their response that they object only to Smith's suggestion that the testing be done at the DOC's expense. That is a reasonable objection. *See Brown v. United States*, 74 Fed. App'x. 611, 614–15 (7th Cir. 2003) (Federal Rule of Civil Procedure 35 ("Physical and Mental Examinations") "does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself."). Defendants note that in a previous case involving prisoner claims about contaminated water at FLCI, the plaintiff sought testing at his own expense, and the state did not oppose plaintiff's motion for

a court order. *See Stapleton v. Carr*, No. 16-cv-406, Dkt. 32 (plaintiff's unopposed motion for order to conduct blood test) and Dkt. 34 (court's order granting that motion). That's the route that Smith should take here: if he is willing to pay for his own examination, he should confer with opposing counsel to work out approval to be transported for that purpose or for testing to be done at the prison. *See Ivey v. Harney*, 47 F.3d 181, 186 (7th Cir. 1995) (under All Writs Act, 28 U.S.C. § 1651, court could order prison officials to allow outside physician to examine plaintiff inside prison). Because Smith does not suggest that he is willing to pay for the testing himself, I will deny his motion.

ORDER

IT IS ORDERED that plaintiff Christopher D. Smith's motion for blood testing, Dkt. 26, is DENIED without prejudice.

Entered October 25, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge