IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER D. SMITH,

                Plaintiff,

v.

                                                             OPINION and ORDER

JULIE LUDWIG, DR. CHARLES LARSON,
DR. RICHARD STELIGA,                                    18-cv-774-jdp
DR. BEATTRICE SUPERVILLE,
JAMES LABELLE, and CINDY O'DONNELL,

                Defendants.

---

Plaintiff Christopher D. Smith, appearing pro se, is a prisoner at Fox Lake Correctional Institution (FLCI). Smith alleges that prison officials violated his Eighth Amendment rights by failing to treat the symptoms he suffered from drinking the contaminated water at FLCI. Before the court are motions filed by Smith and defendant Beatrice Superville.

**A. Smith's request for blood testing**

Smith renews his motion asking the court to direct prison staff to allow him to have his blood drawn by a non-DOC official to test for the levels of contaminants like lead in his blood. Dkt. 47. I denied Smith's previous motion for testing because it appeared that he was asking for the testing to be done at government expense. Dkt. 33. Now Smith says that he is willing to pay for the testing himself, but he doesn't state whether he has asked prison officials to arrange for testing. I will deny his current motion because there isn't any indication that prison officials are blocking him from obtaining tests. The parties should confer about Smith's request. If they are unable to reach an agreement, Smith should renew his motion.

### B. Service on defendant Superville

Defendant Superville has filed a motion to dismiss the claim against her under Federal Rule of Civil Procedure 4(m) and 12(b)(5), stating that she lives in France and that she has not been properly served with the complaint. Dkt. 37. In the alternative, Superville seeks to enlarge the time to file her answer.

Because Smith is a pro se plaintiff proceeding in forma pauperis, the United States Marshals Service is responsible for locating and serving process on defendants, including Superville. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3); *Santiago v. Anderson*, 496 Fed. Appx. 630, 635 (7th Cir. 2012) ("[W]hen a plaintiff proceeds in forma pauperis . . . the Marshals Service is required to serve process."). Initially, the Marshals Service was unsuccessful in its attempts to serve Superville. *See* Dkt. 16. I ordered the Marshals Service to either reattempt service or provide more detail regarding its efforts to serve Superville. Dkt. 29 at 2–3. The Marshals Service reattempted service and stated that it accomplished service by delivering the summons to Andrea Blacksmith, Superville's daughter. Dkt. 34 and Dkt. 39, ¶ 6. Blacksmith forwarded the documents she received to Superville in France. Dkt. 35. Superville contends that this did not accomplish proper service and she has moved to dismiss the claim against her for lack of proper service. Along with the motion to dismiss, Superville submitted a declaration stating she has not lived in the United States since 2018 and has not owned property in the United States since 2020. Dkt. 39, ¶¶ 3, 5. Superville also submitted copies of her Canadian passport and temporary French residence permit. Dkt. 39-1 and Dkt. 39-2.

Because Superville has established that she lives in France, I conclude that Superville was not served properly despite receiving a copy of the summons and complaint from her daughter, because individuals living in foreign countries must be served according to Rule 4(f).

*See United States v. Ligas*, 549 F.3d 497, 500 (7th Cir. 2008) ("[T]he service requirement is not satisfied merely because the defendant is aware that he has been named in a lawsuit or has received a copy of the summons and the complaint."). But I will deny Superville's motion to dismiss because I directed the Marshals Service to serve Superville, and Smith should not be penalized for the Marshals Service's inability to accomplish proper service. *Sellers v. United States*, 902 F.2d. 598, 602 (7th Cir. 1990) (Marshals' failure to accomplish service on former prison employee considered good cause exception under Rule 4).

Rule 4(f)(1) states proper service to a defendant living in a foreign country may be accomplished by an internationally agreed means of service, such as through the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters. Because both the United States and France have ratified the Hague Convention, foreign service can be completed through the central authority of the receiving country. Hague Convention, art. 5.

Because the Marshals Service cannot serve process abroad, I will order the clerk of court to serve process on defendant Superville following Article 5 of the Hague Convention. 28 U.S.C. § 1915(d) ("officers of the court shall issue and serve all process [in in forma pauperis cases]"); *see also Womack v. Moulton College*, No. 8:16-CV-145 at Dkt. 9 (D. Neb. Aug. 8, 2016) (directing clerk of court to serve process upon learning the Marshals Service is unable to serve process in foreign countries); *Pilkin v. Sony Interactive Entertainment LLC*, No. 1:17-CV-2501-RDM at Minute Order 02/13/2019 (D.D.C. Feb. 13, 2019) ("The U.S. Marshals Service has indicated that it is unable to effect service internationally. It is accordingly [ordered] that the Clerk shall effectuate service on [d]efendant.").

To serve process on Superville under the Hague Convention, two completed and signed USM-94 forms along with two copies of the complaint and summons must be sent to the French Central Authority. *See Heyne v. Mitsubishi Motors N. Am.*, No. 8:12-CV-421, 2014 WL 3670953, at *1–2 (D. Neb. July 23, 2014). The USM-94 form is formally titled "Request for Service Abroad of Judicial or Extrajudicial Documents" and it requires a signature from either an attorney or court official before it is sent to the receiving country's central authority. *See Heyne*, at Dkt. 22 (D. Neb. July 24, 2014)*; Stebbins*, 2021 WL 4876242, at *1 (denying pro se plaintiff's request to proceed without having the USM-94 form signed by a court official).

Smith has provided the court with Superville's full name and mailing address in France. I will direct the clerk of court to complete two copies of the USM-94 form and select option c) to request delivery to the addressee. *Heyne*, 2014 WL 3670953, at *1–2. After filling out the USM-94 forms, the clerk of court should sign both copies and send them along with two copies of plaintiff's complaint and summons to the French Central Authority by international air mail.

As an alternative to dismissal, Superville asks for an enlargement of time to file an answer to Smith's amended complaint, which I will grant. The court will set an answer deadline after service is accomplished.

C.  **Recruitment of counsel**

Smith renews his motion for the court's assistance in recruiting him counsel. Dkt. 48. I denied Smith's previous motion because the court has already expended significant resources finding counsel and paying court-appointed experts for the court's multi-plaintiff FLCI water case resolving some of Smith's claims, s*ee Stapleton v. Carr*, Case No. 16-cv-406-jdp (W.D. Wis.), and that Smith did not present extraordinary circumstances regarding his ability to litigate a case that would lead me to seek counsel for him. Smith's new motion does not address

my previous ruling, nor does the record reveal any other reason for me to reconsider my previous decision. In particular, although the issues regarding the service of Superville are complex, I am addressing those in this order, so there is no need to consider recruiting counsel for that purpose.

## ORDER

IT IS ORDERED that:

1. Plaintiff Christopher D. Smith's renewed motion for blood testing, Dkt. 47, is DENIED without prejudice.

2. Defendant Superville's motion to dismiss, Dkt. 37, is DENIED.

3. Defendant Superville's motion to enlarge time to file an answer, Dkt. 37, is GRANTED.

4. The clerk of court is directed to complete the USM-94 form using the address provided by plaintiff in Dkt. 35, and sign and send copies of the completed USM-94 form and two copies of plaintiff's complaint and summons to the French Central Authority via international air mail.

5. Plaintiff's motion for the court's assistance in recruiting him counsel, Dkt. 48, is DENIED without prejudice.

Entered July 21, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge